IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01676-GPG

SHAWN RICE,

    Petitioner,

v.

BARACK OBAMA, President of the United States, and
JACOB L. LEW, Secretary of the United States Department of the Treasury,

    Respondents.

## ORDER DISMISSING CASE

    Petitioner is a prisoner in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution at Florence, Colorado. On July 24, 2015, Petitioner submitted to the Court for filing a *pro se* "Bill in Equity" (ECF No. 1), an "Affidavit in Support of Bill in Equity" (ECF No. 3), a "Memorandum of Points and Authorities in Support of the Bill in Equity" (ECF No. 4), a "Notice of Lack of Remedy at Law in Support of Bill in Equity" (ECF No. 5), a document titled "Appointment of New Trustees" (ECF No. 6), and a "Petition to Seal" (ECF No. 7). Petitioner also paid the $46.00 filing fee for a miscellaneous action and a miscellaneous action was opened.

    On August 5, 2015, Magistrate Judge Gordon P. Gallagher entered an order directing the clerk of the Court to commence a regular civil action and to close the miscellaneous action because whatever claims Petitioner intends to assert must be raised in a regular civil action. The instant civil action was opened and Petitioner was directed to cure certain deficiencies if he wishes to pursue his claims. Petitioner

specifically was ordered to file on the proper form a Prisoner Complaint and either to pay the balance of the filing fee for a civil action or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

Petitioner subsequently filed a "List of Exhibits in Support of Bill in Equity" (ECF No. 11) and a document (ECF No. 12) titled "Response to Clerk of Court Instruction for Clear, Concise Statement of Cause of Action (Breach of Trust) and Other Issues." On September 17, 2015, Magistrate Judge Gallagher entered a minute order reminding Petitioner that he must cure the deficiencies specified in the August 5 order if he wishes to pursue his claims. Magistrate Judge Gallagher also directed the clerk of the Court to mail to Petitioner the forms necessary to cure the deficiencies.

Petitioner has not cured the deficiencies as directed. Instead, on September 25, 2015, he filed a response (ECF No. 14) to Magistrate Judge Gallagher's September 17 minute order in which he states he is formally withdrawing this action. The Court construes the response as a notice of voluntary dismissal.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Petitioner "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No response has been filed by any opposing party in this action. A voluntary dismissal pursuant to Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See Hyde Constr. Co.*, 388 F.2d at 507. Accordingly, it is

ORDERED that the instant action is dismissed without prejudice pursuant to the response (ECF No. 14) that the Court construes as a notice of voluntary dismissal.

DATED at Denver, Colorado, this 29th day of September, 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court